Filed 11/6/23  P. v. Alvarado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOE ESTRADA ALVARADO,<br><br>  Defendant and Appellant. | 2d Crim. No. B324554<br>(Super. Ct. No. GA063808)<br>(Los Angeles County) |

Joe Estrada Alvarado, who is serving a prison term for a first-degree murder he committed in 2005, appeals the summary denial of his petition for resentencing under former Penal Code[1] section 1170.95 (now section 1172.6).  Appellant contends the trial court prejudicially erred in denying the petition without appointing counsel.  We affirm.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

In 2008, a jury found appellant guilty of first-degree special-circumstance murder (§§ 187, subd. (a), 190.2, subd. (a)(17)), robbery (§ 211), and assault with a deadly weapon, i.e., a knife (§ 245, subd. (a)(1)). The jury also found true allegations that appellant personally used a deadly weapon in committing the offenses (§ 12022, subd. (b)(1)), but found not true an allegation that his commission of the murder was willful and premeditated. In a bifurcated proceeding, the court found true allegations that appellant had suffered two prior convictions or juvenile adjudications within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had been convicted of a serious felony (§ 667, subd. (a)(1)).

Appellant was sentenced to an aggregate term of life without the possibility of parole (LWOP) plus 57 years to life. On appeal we modified the sentence to LWOP plus 30 years to life, but otherwise affirmed. (*People v. Alvarado* (July 26, 2009, B206555) [nonpub. opn.].) The facts set forth in the appellate opinion, the reporter's transcript of the prosecutor's closing argument, and the jury instructions unequivocally demonstrate that appellant was tried and convicted as the actual killer and sole perpetrator of the murder of Dennis Choi, whom appellant stabbed to death in the course of a robbery of which appellant was also the sole perpetrator.[2]

Appellant petitioned for resentencing under former section 1170.95 (now section 1172.6) and requested the appointment of

---

[2] We grant the People's unopposed request for judicial notice of the relevant portions of the reporter's and clerk's transcripts in the direct appeal in case number B206555. (Evid. Code, § 452.)

counsel.  The court summarily denied the petition without appointing counsel on the ground that the record of conviction conclusively established appellant was the actual killer and sole perpetrator of the murder.  In its written order, the court acknowledged that appellant had filed a facially valid petition.  The court also acknowledged our Supreme Court's holding in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) that a facially-valid section 1172.6 petition cannot be summarily denied prior to the appointment of counsel.  The court nevertheless did so, reasoning that "[a]ppointing counsel for [appellant] and proceeding with court hearings and a briefing schedule would be a wasteful and time-consuming exercise in futility" because the record of conviction unequivocally demonstrated that appellant was tried and convicted as the actual killer and sole perpetrator of the murder.

## DISCUSSION

Appellant contends the trial court prejudicially erred in summarily denying his section 1172.6 petition without appointing counsel and setting the matter for briefing.  We agree that the court erred but deem the error harmless.

In *Lewis*, the California Supreme Court held that once a petitioner files a facially sufficient petition under section 1172.6 and requests appointment of counsel, the trial court must appoint counsel before conducting any prima facie review.  (*Lewis*, *supra*, 11 Cal.5th at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"]; accord, § 1172.6, subd. (b)(3).)  Because appellant's section 1172.6 petition is facially sufficient, the trial court erred by summarily denying the petition prior to appointing counsel.  *Lewis* expressly rejected the trial court's assertion in

3

this case that summarily denying appellant's petition preserved judicial resources: "Permitting trial courts to summarily deny relief before the appointment of counsel would not significantly conserve judicial resources. '[E]ven assuming the practice leads to short-term efficiencies, those savings are a false economy that shifts work from trial counsel to appellate counsel and from the trial courts to the appellate courts.'" (*Lewis*, at pp. 968-969.)

However, the error compels reversal only if appellant can show a reasonable probability that his petition would not have been summarily denied if he had been afforded the assistance of counsel. (*Lewis, supra*, 11 Cal. 5th at pp. 957-958 [failure to appoint counsel under § 1172.6, subd. (b)(3) is "state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818"], 974; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.) Appellant fails to meet this standard if the record of his conviction, which includes the jury instructions, establishes that he is not entitled to relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 678.)

Senate Bill 1437, which created section 1172.6, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); § 1172.6, subd. (a)(1).) Here, the record of appellant's conviction conclusively establishes he was tried and convicted of murder not as an accomplice, but rather as the actual killer and sole perpetrator of the crime. Appellant is precluded from obtaining relief under section 1172.6 as a matter of law, so the court's error in summarily denying his

4

petition without appointing counsel was harmless.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [recognizing the defendant was "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"]; see also *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [affirming summary denial of petition for resentencing where record of conviction "unequivocally establishe[d]" the defendant was the sole perpetrator and actual killer].)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Jared D. Moses, Judge
Superior Court County of Los Angeles

———————————————

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Seth P. McCutcheon, Deputy Attorney General, for Plaintiff and Respondent.